**UNION MINIERE, S.A., a Belgium corp., Bicknell Minerals, Inc., an Indiana corp., Union Mines Inc., a Maryland corp., Appellants (Defendants Below),**

v.

**PARDAY CORP., Parvin E. Day, Ronald E. Snider, Allan L. Hanft, Carl E. Bozsa, Charles R. Pruett, Michael Day, Deborah Forsythe, Joseph J. Church, and Howard Paper Mills, Inc., Appellees (Plaintiffs Below).**

No. 42A01–8709–CV–237.

Court of Appeals of Indiana, First District.

April 14, 1988.

Theodore J. Nowacki, Daniel C. Emerson, Andrew W. Hull, Bose, McKinney & Evans, Indianapolis, for appellants.

David P. List, J. Andrew Schlickman, Robert T. Biskup, Sidley & Austin, Chicago, H. Brent Stuckey, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Union Miniere, S.A. (Miniere), Bicknell Minerals, Inc. (Bicknell) and Union Mines, Inc. (UMI) appeal the Knox Superior Court's entry of partial summary judgment in favor of Parday Corp. (Parday) and certain former shareholders of Bicknell (former shareholders). We reverse and remand this case for trial on the merits.

## FACTS

Bicknell is an Indiana corporation which owns a surface coal mine located near Bicknell, Indiana.[1] Parday is a Delaware corporation with its principal place of business in Evansville, Indiana. Parday is wholly owned by Parvin Day. Seven of Bicknell's former shareholders are officers or employees of Parday.

On April 6, 1979, Bicknell and Parday entered into a management agreement pursuant to which Parday was to manage Bicknell's mining operations. The agreement required Parday to exercise due diligence and prudent mining practices in order to minimize Bicknell's operating costs and maximize Bicknell's profits. In addition, Parday was to act on Bicknell's behalf in dealing with Bicknell's employees, its only customer (Public Service Company of

---

1. Miniere is a Belgian corporation headquartered in Brussels. UMI is a Maryland corporation with its principal place of business in Denver, Colorado. UMI is a subsidiary of Miniere and currently owns all of the stock in Bicknell.

Indiana, Inc.) and the governmental agencies with whom it dealt. Bicknell bore all management expenses, oversaw all equipment and insurance purchases, and had access to Parday's records.

On February 5, 1981, the shareholders sold their Bicknell stock to UMI pursuant to a stock purchase agreement. That same day, Bicknell and Parday amended the management agreement to require Parday to keep Bicknell informed of all its management activities, to act for Bicknell's benefit, to be guided by Bicknell's suggestions and to use its best efforts to maintain a certain level of coal production.

Section twelve of the management agreement provided for termination by mutual agreement of the parties or by either party if the other failed to meet its obligations. Unilateral termination could occur only upon 60 days notice by the terminating party, thus providing the defaulting party an opportunity to cure the default.

Following UMI's stock purchase, the former shareholders expressed dissatisfaction with certain terms of the stock purchase agreement. Thereafter, Parday and its employees, the former shareholders, allegedly engaged in a series of acts which were calculated to pressure UMI into modifying the unsatisfactory provisions and which adversely affected Bicknell's business. By correspondence on May 29, Bicknell notified Parday that it was terminating the management agreement effective immediately.

Parday subsequently filed a contract action against Bicknell, UMI and Miniere for wrongful termination. The trial court granted Parday a partial summary judgment, concluding that the 60 day notice and cure provision contained in the management agreement was clear and unambiguous and, as such, Bicknell breached the contract by purporting to terminate the contract immediately. We accepted Bicknell's interlocutory appeal.

**2.** Throughout our discussion of the case we will, for the sake of simplicity, refer to the appellants collectively as Bicknell.

## ISSUES

Bicknell [2] raises the following issues for our review:

    (1) Did the trial court err in granting a partial summary judgment in favor of Parday? [3]

    (2) As a matter of law, did Parday's actions constitute a material breach of contract justifying Bicknell's immediate termination of the management agreement?

## DISCUSSION AND DECISION

Summary judgment is appropriate only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). When reviewing an entry of summary judgment, we must liberally construe all evidence in favor of the nonmoving party and resolve any doubt in his favor. *Hinkle v. Niehaus Lumber Co.* (1987), Ind.App., 510 N.E.2d 198, 201. We will reverse only if the record discloses an unresolved issue of material fact or an incorrect application of the law. *Hall–Hottell Co. v. Oxford Square Co-op, Inc.* (1983), Ind.App., 446 N.E.2d 25, 29.

### ISSUE ONE:

Bicknell first contends the trial court erroneously entered a partial summary judgment in favor of Parday. The court specifically concluded that, despite the existence of factual questions regarding Parday's breach of fiduciary duty, the clear and unambiguous language of the contract required Bicknell to provide Parday 60 days notice and an opportunity to cure prior to terminating the management agreement.

    ■ Courts must give effect to the intentions of parties as expressed in a contract. *Unishops, Inc. v. May's Family Centers, Inc.* (1980), Ind.App., 399 N.E.2d 760, 766. If the terms of a contract are clear, plain and unambiguous, the terms are conclu-

**3.** Throughout our discussion of the case we will, for the sake of simplicity, refer to the appellees collectively as Parday.

sive. *Boswell v. Lyon* (1980), Ind.App., 401 N.E.2d 735, 740.

In the present case, Bicknell does not dispute the clarity of the notice and cure provision found in section twelve of the management agreement. Rather, Bicknell asserts that it was privileged to terminate the contract prematurely based on Parday's conduct in violation of the fiduciary duty owed to Bicknell.

The trial court specifically noted that an agency relationship exists between Bicknell and Parday. The management agreement provides that Parday was to act under Bicknell's direction, that Parday was to act for Bicknell's benefit and that Bicknell was to bear the costs and expenses incurred in the management of the mining operation. The parties therefore entered into an agency relationship. *See* RESTATEMENT (SECOND) OF AGENCY § 1 (1957).

■ The agency relationship is confidential and fiduciary, binding the agent to the exercise of utmost good faith. *Montgomery Ward & Co. v. Tackett* (1975), 163 Ind.App. 211, 216–217, 323 N.E.2d 242, 246. "An agent may not place himself in a position wherein his own interests are potentially antagonistic to those of his principal." *Potts v. Review Board* (1985), Ind. App., 475 N.E.2d 708, 711.

■ The authority of an agent terminates according to the terms of any agreement the principal and agent may have entered into during the agency. RESTATEMENT (SECOND) OF AGENCY § 117 (1957). However, the application of contract rules of interpretation is limited by special rules governing fiduciary relations. RESTATEMENT (SECOND) OF AGENCY § 32 (1957). "A principal is privileged to discharge before the time fixed by the contract of employment an agent who has committed such a violation of duty that his conduct constitutes a material breach of contract[.]" RESTATEMENT (SECOND) OF AGENCY § 409(1) (1957). A serious violation of the agent's duty of loyalty or of obedience constitutes an entire breach of contract. *Id.*, comment b. *See also Williams v. Queen Fisheries, Inc.* (1970), 2 Wash.App. 691, 469 P.2d 583; *Kirchof v. Friedman* (1969), 10 Ariz.App. 220, 457 P.2d 760.

■ In the present case, the facts most favorable to the nonmoving parties indicate that Parday attempted to prevent Bicknell from using a certain piece of real estate (the Haseman Tract) purchased by Parvin Day and previously used by Bicknell to maintain its soil stockpiles. Even after the Knox Superior Court issued a restraining order enjoining Parday from preventing Bicknell's use of the Haseman Tract, Parday refused to replace federally required topsoil signs it had removed from the property. In addition, Parday's attorney drafted and delivered correspondence to the Indiana Department of Natural Resources arguing against the renewal of Bicknell's mining permit.

Although we agree with the trial court that the language of the notice and cure provision clearly and unambiguously required 60 days notice before termination, we conclude that its application of contract law was inappropriate in this case. As previously discussed, contract principle must yield to agency principle when an alleged violation of fiduciary duty is at issue. *See* RESTATEMENT (SECOND) OF AGENCY § 32 (1957). When an agent has acted to undermine his principal's business, the principal will not be forced to endure the stated contractual period before discharging him. To hold otherwise would afford the disloyal agent the opportunity to continue rather than cure his destructive effort.[4] Such a result would be repugnant. We therefore conclude that the trial court misapplied the law when it granted a partial summary judgment in favor of Parday.

ISSUE TWO:

■ Bicknell next contends that, as a matter of law, it was entitled to terminate the management agreement. As noted, the trial court concluded that questions of fact existed regarding Parday's alleged breach of fiduciary duty. The court also concluded, however, that these questions related only to the issue of damages. As previously discussed, contract principles must yield

---

4. We note that Parday's alleged attempts to dissuade the Department of Natural Resources from renewing Bicknell's mining permit are of a nature not easily curable.

to agency rules involving the unique fiduciary relationship. Therefore, any questions of fact regarding a breach of that relationship necessarily will relate to the question of liability as well.

Bicknell argues in its brief that Parday does not dispute its disloyalty. On the contrary, in its reply to Bicknell's motion for summary judgment, Parday steadfastly maintained that certain factual questions exist regarding its alleged breach of fiduciary duty. Our review of the evidence has verified the existence of certain factual questions. These include: (1) Parvin Day's intent in disallowing Bicknell's continued use of the Haseman Tract; (2) Parvin Day's intent in opposing Bicknell's inclusion of the Haseman Tract in its application for a renewal permit; and (3) Parvin Day's intent regarding whether Bicknell could retrieve its materials from the Haseman Tract. Because the fiduciary relationship goes to the core of the cause of action, we cannot enter summary judgment in favor of either Bicknell or Parday in the face of factual questions regarding that relationship and the extent of any breach thereof. Accordingly, we reverse the trial court's entry of summary judgment in favor of Parday and remand this case for a trial on the merits.

Reversed and remanded.

NEAL and SULLIVAN, JJ., concur.